IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 23, 2026

## JEFFREY ROACH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamblen County**
**No. 25CR069          Alex E. Pearson, Judge**

_____

**No. E2025-01608-CCA-R3-PC**

_____

Jeffrey Roach, Petitioner, pled guilty to unlawful possession of a weapon by a convicted felon in January of 2025. In exchange for the plea, he received a three-year sentence to be served at 100%. In February of 2025, he filed a series of pro se motions which referenced post-conviction relief and ineffective assistance of counsel. The post-conviction court treated the motions as a petition for post-conviction relief, appointed counsel, and set a hearing. Petitioner continued to file motions with the court despite being represented by counsel. After a hearing, at which Petitioner did not testify, the post-conviction court denied relief. Petitioner appealed. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and STEVEN W. SWORD, JJ., joined.

Ryan R. Logue, Morristown, Tennessee, for the appellant, Jeffrey Roach.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Joshua Gilbert, Legal Assistant, Criminal Appeals Division;[1] Dan E. Armstrong, District Attorney General; and Connie Trobaugh, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In January of 2025, Petitioner pled guilty to unlawful possession of a weapon by a convicted felon. He received a three-year sentence to be served at 100%. Prior to the

---

[1] An order granting Mr. Gilbert, an attorney in good standing licensed in the state of California, the authority to practice pro hac vice was filed by this Court on March 27, 2026.

guilty plea, even though he was represented by trial counsel, Petitioner filed several handwritten pro se motions including a motion to suppress, a motion to dismiss the indictment, and a motion suggesting vindictive prosecution.

After the entry of the guilty plea, Petitioner filed another pro se motion. The motion mentioned post-conviction and ineffective assistance of counsel. The motion complained that counsel overlooked his speedy trial motion. Petitioner filed another pro se motion, again mentioning post-conviction and ineffective assistance of counsel for failing to file a motion. The post-conviction court interpreted Petitioner's filings as a petition for post-conviction relief, appointed counsel, and set a post-conviction hearing. Despite being represented, Petitioner filed additional "motions" in the post-conviction court in March, July, and August of 2025. In those documents, Petitioner appeared to add additional information to his petition.

At the hearing, Petitioner did not testify and refused to waive attorney-client privilege during trial counsel's testimony. Petitioner stated to the court that he did not wish to testify because the "paperwork speaks for itself."

Trial counsel testified that she was assigned to represent Petitioner as part of her job at the public defender's office. She thought he was charged with "DUI, felon in possession of a handgun[,] and a couple of other things." Trial counsel did not file any motions prior to the guilty plea but "[e]xtensively" reviewed discovery with Petitioner and met with him "[p]robably at least three" times. She recalled he was incarcerated prior to the plea and described their meetings as "productive." She recalled the plea agreement as "very favorable." Trial counsel did not recall if they discussed trial strategy or a motion for speedy trial. Trial counsel remembered that Petitioner filed several pro se motions prior to her representation and testified that she reviewed "all of them." She did not think the motions were necessary, so she did not proceed with them. Trial counsel testified that Petitioner "basically handwrote his own plea agreement" and described that as "abnormal."

Trial counsel did not find it necessary to discuss Petitioner's pro se speedy trial motion because he "already had a trial date, so it was kind of a moot motion . . . ." Trial counsel recalled that the plea agreement was entered the same month the trial was scheduled. Trial counsel did not consider a *Brady* motion or a suppression motion in this case because neither was justified by the facts.

Trial counsel recalled that she explained the plea agreement to Petitioner before he signed it. She believed the first offer was "astronomical" and recalled she was "very happy to have a three[-]year plea agreement" to resolve the case. Trial counsel received several offers from the State prior to the plea agreement and remembered explaining the range, the State's burden, and the possible sentence with Petitioner prior to the entry of the plea. Trial

counsel was pleased that Petitioner ultimately pled guilty to one offense and that the other offenses were dismissed.

At the conclusion of the hearing, the post-conviction court noted that Petitioner alleged trial counsel "didn't do due diligence." The post-conviction court found that trial counsel testified she received discovery, met with Petitioner, and went over the information with him prior to the plea. The post-conviction court noted Petitioner did not testify and did not waive the attorney-client privilege. The post-conviction court found that trial counsel did not see any reason to move forward with a speedy trial argument because they reached a plea agreement prior to the trial date. The post-conviction court noted there was "no testimony supporting any conflict of interest." The post-conviction court found that Petitioner "knowingly and voluntarily entered into this guilty plea" and that trial counsel "negotiated the agreement that [Petitioner] wanted." The post-conviction court concluded that trial counsel was not ineffective and that she exercised an appropriate strategy of trying to wear the State down . . . to get a better deal [for Petitioner]" so there was no prejudice because "[Petitioner] got the benefit of [trial counsel's] negotiation. The post-conviction court denied the petition. In a written order, the post-conviction court accredited the testimony of trial counsel and found that Petitioner "failed to overcome the presumption that his trial attorney's conduct falls within the range of competence demanded of attorneys in criminal cases." Specifically, the court found the representation "fell within the applicable objective standard of reasonableness under the prevailing professional norm."

Petitioner appealed.

*Analysis*

On appeal, Petitioner argues that the trial court erred by denying the petition for post-conviction relief. Specifically, he insists that the post-conviction court erred by finding he was not prejudiced by counsel's failure to pursue the pro se motions he filed while still negotiating the plea agreement. The State insists that Petitioner failed to establish either prong of ineffective assistance of counsel because he "failed to put on any evidence concerning these motions and how they would have been successful if pursued." Moreover, the State points out that Petitioner did not testify.

In order to prevail on a petition for post-conviction relief, a petitioner must prove all factual allegations by clear and convincing evidence. *Jaco v. State*, 120 S.W.3d 828, 830 (Tenn. 2003). Post-conviction relief cases often present mixed questions of law and fact. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). "The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against them, *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015) (citations omitted), while its application of the law to those factual findings and the conclusions drawn therefrom are

reviewed de novo with no presumption of correctness, *Holland v. State*, 610 S.W.3d 450, 455 (Tenn. 2020) (citations omitted)."

When reviewing the post-conviction court's findings of fact, this Court does not reweigh the evidence or "substitute [its] own inferences for those drawn by the [post-conviction] court." *Fields*, 40 S.W.3d at 456. Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the [post-conviction court]." *Id.* (citing *Henley*, 960 S.W.2d at 579); see also *Kendrick*, 454 S.W.3d at 457.

The right to effective assistance of counsel is safeguarded by the constitutions of both the United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Further,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

*Goad*, 938 S.W.2d at 370 (citing *Strickland*, 466 U.S. at 697). Additionally, review of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; see also *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997). We will not second-guess a reasonable trial strategy, and we will not grant relief based on a sound, yet ultimately unsuccessful, tactical decision. *Granderson v. State*, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006).

Regarding the second *Strickland* prong, trial counsel's deficient performance in a guilty plea will be found to have prejudiced the defendant only if "there is a reasonable

probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Calvert v. State*, 342 S.W.3d 477, 486 (Tenn. 2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Further, once a defendant enters a guilty plea, the effectiveness of counsel is only relevant to the extent that it affects the voluntariness of the plea. *Hill*, 474 U.S. at 56 (1985).

Here, the post-conviction court accredited the testimony of trial counsel, the only testimony at the hearing. Trial counsel testified that she did not consider Petitioner's pro se motions to be worthy of filing. Specifically, she considered the speedy trial motion moot because Petitioner entered into a plea agreement prior to the scheduled trial date. Petitioner did not put on any evidence to contradict the testimony of trial counsel.

The record supports the post-conviction court's determination that Petitioner failed to show clear and convincing evidence that trial counsel was deficient for failing to pursue his motions or that he was prejudiced by her actions. Petitioner is not entitled to relief. Accordingly, the judgment of the post-conviction court is affirmed.

*S/Timothy L. Easter*
_____
TIMOTHY L. EASTER, JUDGE